UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARNELL FOREST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:04CV686-DJS |
| | ) |
| BARNES-JEWISH HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

## ORDER

In his third amended complaint, plaintiff alleges age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, in Count I, and race discrimination and harassment in violation of 42 U.S.C. § 1981 in Count II. The Court denied defendant's motion for summary judgment in part with respect to plaintiff's disparate training claim under the ADEA and granted the motion in part with respect to the remaining allegations of discrimination. The Court also denied a motion to strike plaintiff's statement of material facts for his failure to comply with E.D.Mo. L.R. 4.01, which requires that plaintiff separately set forth in numbered paragraphs each fact with a citation to the record. Counsel for plaintiff apparently attempted to file an amended statement of material facts, was informed by the Clerk of the Court that his attempt at filing failed, and never filed another version. The Court denied the motion to strike the statement of material facts, but noted that it

would not "scrounge through the rather disorganized record plaintiff has made in search of substantiation for plaintiff's unsupported assertions." (Order of May 10, 2006 [Doc. #137] at 3.)

On June 30, 2006, the Court ordered the trustee of plaintiff's bankruptcy estate to file a motion for substitution or a memorandum setting forth the trustee's interest in the instant action. Having been informed by the trustee that he consents to plaintiff's continued pursuit of the instant action, the Court now turns to two pending motions, namely plaintiff's motion for leave to file his corrected statement of material facts [Doc. #139] and defendant's motion for reconsideration of summary judgment [Doc. #143].

Despite plaintiff's counsel's failure to take advantage of the ample opportunity he had to file a statement of material facts which conformed to the local rules, the Court still considered the statement of facts that plaintiff had previously filed in deciding defendant's motion for summary judgment. Because defendant's motion for reconsideration does present an occasion necessitating the Court's review of the parties' filings, plaintiff's motion for leave will be granted.

The Court will also grant defendant's motion for reconsideration. In its order denying defendant's motion for summary judgment in part, this Court found that:

> to make a prima facie showing of failure to train, a plaintiff must show:

2

> (1) that [he] is a member of a protected group; (2) that [defendant] provided training to its employees; (3) that [plaintiff] was eligible for training; and (4) that [he] was not provided training under circumstances giving rise to an inference of discrimination, *i.e.*, that [he] was denied training given to other similarly situated employees who were not members of the protected group.
> <u>Pafford v. Herman</u>, 148 F.3d 658, 667 (7th Cir. 1998).
> While an employer's denial of an employee's request for more training is not without more an adverse employment action, <u>Griffith v. City of Des Moines</u>, 387 F.3d 733, 737 (8th Cir. 2004), an employer may not discriminate in the provision of training for employees. The parties' agreement that plaintiff received one-third the training in three times the amount of time as compared to younger, similarly situated employees satisfies the fourth prong of the prima facie case with respect to plaintiff's claim under the ADEA. Defendant does not argue, and this Court does not find, that any other elements of plaintiff's prima facie case are lacking with respect to plaintiff's claim under the ADEA.

(Order of May 10, 2006 [Doc. #137] at 14-15.)

Upon reconsideration and in light of defendant's further arguments, the Court does find as a matter of law that plaintiff's disparate training allegations without more do not assert an adverse employment action. Although "actions short of termination or decrease in pay may still constitute adverse employment actions," <u>Phillips v. Collings</u>, 256 F.3d 843, 848 (8th Cir. 2001), several courts have found that disparate training or denials of training without more do not constitute an adverse employment action. See <u>Box v. Principi</u>, 442 F.3d 692, 697 (8th Cir. 2006) (finding that the denial of one documented request for additional training does not show an adverse employment action when the

3

employee had received 200 hours of training already during her employment); Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 407 (5th Cir. 1999) (finding no adverse employment action when the plaintiff did not produce significant evidence that the denial of training would affect her employment status or benefits); Dollis v. Rubin, 77 F.3d 777, 781- 82 (5th Cir. 1995) (affirming summary judgment for employer on discrimination and retaliation claims because denial of plaintiff's request to attend a training seminar did not constitute an adverse employment action); Allen v. Gutierrez, Civil No. 04-4387 ADM/JSM, 2006 WL 1662771, at *4 (D. Minn. 2006) (denying plaintiff's discrimination and retaliation claims because while plaintiff was denied a training opportunity in 2003, he received ten months of training in 2004).

Plaintiff has not shown that the terms and conditions of his employment would be effected by the lesser training he received. Any effect the training differential may have had on plaintiff's transfer to the day shift is not persuasive as the denial of the transfer request did not constitute an adverse employment action. (See Order of May 10, 2006 [Doc. #137] at 11-13.) During the time period at issue, plaintiff received a promotion and a pay increase, while his benefits remained the same. Because the disparate training did not cause any materially significant disadvantage, plaintiff has not made a prima facie showing and his remaining disparate training claim under the ADEA

against defendant will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file plaintiff's corrected statement of material facts [Doc. #139] is granted.

**IT IS FURTHER ORDERED** that defendant's motion for reconsideration of summary judgment [Doc. #142] is granted.

Dated this ___8th___ day of August, 2006.

                                                  /s/Donald J. Stohr
                                                  UNITED STATES DISTRICT JUDGE